**COMMONWEALTH OF PENNSYLVANIA,**
Appellant,

v.

**Scott Adam VINCETT, Appellee.**

Superior Court of Pennsylvania.

Argued April 16, 2002.
Filed Aug. 13, 2002.

Jaime M. Keating, Asst. Dist. Atty., Carlisle, for Commonwealth, appellant.

David E. Hershey, Harrisburg, for appellee.

Before: JOYCE, BECK and POPOVICH, JJ.

BECK, J.

¶ 1 In this suppression matter we determine that a traffic stop is lawful if the officer reasonably believes that a motorist has violated a provision of the Motor Vehicle Code. The motorist's defense to the purported violation is not germane to an analysis of the suppression motion. We conclude that the trial court erred in finding the stop unlawful and in suppressing the evidence. We reverse the trial court's suppression order and remand for trial.

¶ 2 At 2:30 a.m. on February 3, 2001, Carlisle Borough Police Officer Stephan Latshaw observed Scott Vincett's car traveling east on a street the officer knew to be a one-way westbound street. Officer Latshaw stopped the car, approached Vincett and asked for identification. Because the officer smelled alcohol on Vincett's breath and observed that his eyes were bloodshot, the officer administered several field sobriety tests, which Vincett failed. When the officer asked Vincett if he "had anything on him," Vincett removed from his pocket a bag of marijuana. Vincett was arrested for DUI, possession of marijuana and driving the wrong way on a one-way street. A subsequent Breathalyzer test revealed a blood alcohol level of .183.

¶ 3 Prior to trial, Vincett filed a motion to suppress alleging, among other things, that the traffic stop was unlawful because the road on which he traveled was not posted with one-way traffic signs. The suppression transcript reveals extensive questioning, accompanied by photographs, regarding the location of traffic signs on the street and their proximity to Vincett's location at the time of his arrest. It is

clear from the transcript that the precise area at which Vincett was observed was without signage, although signs were posted at other places on the same roadway.

¶ 4 The trial court found that the absence of the signs in the relevant area made the traffic stop unlawful. In its opinion the court stated that because "Officer Latshaw did not see [Vincett] drive on any part of Dickinson Avenue where a one-way west sign was located ... [the officer] did not have probable cause to believe that [Vincett] was violating the [Motor Vehicle Code]." Trial Court Opinion, 7/16/01, at 4. We do not agree.

¶ 5 When reviewing the grant of suppression "we consider only the evidence from the defendant's witnesses together with the evidence of the prosecution that, when read in context of the entire record, remains uncontradicted. When the evidence supports the suppression court's findings of fact ..., this Court may reverse only when the legal conclusions drawn from those facts are erroneous." *Commonwealth v. Phinn,* 761 A.2d 176, 180 (Pa.Super.2000) (citations omitted), *appeal denied,* 567 Pa. 712, 785 A.2d 89 (2001).

¶ 6 The record in this case leads us to conclude that the suppression court erred in finding that the stop was unlawful. A police officer is authorized to make a traffic stop whenever he has "articulable and reasonable grounds to suspect a violation" of the motor vehicle code. *Commonwealth v. Gleason,* 567 Pa. 111, 785 A.2d 983, 989 (2001) (quoting 75 Pa.C.S. § 6308(b)). There is no requirement that an actual violation be established, only that there be a reasonable basis for the officer's action in stopping the vehicle. *Commonwealth v. Palmer,* 751 A.2d 223, 226 (Pa.Super.2000).

¶ 7 The record in this case is more than adequate to establish the propriety of Officer Latshaw's traffic stop. The officer testified that he knew the street was a one-way street because he worked as a police officer in the borough for three and one-half years. In addition, the officer testified to the many posted one-way signs at various places to the east and west of Vincett's vehicle. Officer Latshaw reasonably believed that Vincett was violating the Motor Vehicle Code. *See Palmer, supra* (in the absence of an actual violation, officer must provide reasonable basis for his belief that Motor Vehicle Code is being violated).

¶ 8 Vincett's claim at the suppression hearing was that there was improper or inadequate posting of traffic signs in the area where he was observed. In defending against the charge of driving the wrong way, Vincett certainly is entitled to raise this issue. If accepted by the fact finder, his claim may enable him to avoid conviction of the Motor Vehicle Code violation. However, the fact that Vincett may have a colorable defense to the underlying traffic violation in no manner affects the validity of the stop. That suppression inquiry is analyzed from the perspective of the officer and not from the perspective of the defendant. *See Palmer, supra.*

¶ 9 Order reversed. Matter remanded for trial. Jurisdiction relinquished.