## Commonwealth v. Glasser

*Nathan L. Boob,* for Commonwealth.
*Joseph L. Amendola,* for defendant.

KISTLER, *J.,* July 6, 2005—Presently before this court is Matthew B. Glasser's (defendant) omnibus pretrial motion. Defendant is attempting to have evidence suppressed regarding a driving under the influence charge.

Defendant had initially filed motions to suppress evidence, suppress statements, suppress chemical and blood test results, suppress results of field sobriety tests, and a motion to compel Commonwealth to provide defendant with written statement of uncharged misconduct evidence. Defendant has recently withdrawn all motions except for his motion to suppress evidence. That motion is the subject of this opinion.

## FACTUAL BACKGROUND

On January 14, 2005, at approximately 1:25 a.m., Officer Michael Mamolen of the State College Police Department was patrolling the 200 block of West College Avenue in State College, Pennsylvania. Due to the time of day, the traffic lights were flashing red. Normally these lights flash yellow to accommodate the more heavily traveled College Avenue yet, that night, those lights flashed red. Mamolen observed a vehicle approach the traffic light at College Avenue and Burrows Street. The vehicle proceeded to make a right onto Burrows Street without stopping for the flashing red light. The vehicle made the turn at approximately 15 miles per hour. Upon noticing that the vehicle failed to stop, Mamolen initiated a ve-

hicular stop. Mamolen testified the vehicle was not speeding or violating any other traffic laws.

When Mamolen approached the vehicle, the driver identified himself as defendant. Mamolen observed that defendant's eyes were red and sleepy, he slurred his speech, and the odor of an intoxicating beverage emanated from his breath. Mamolen also observed that defendant had an open container of alcohol in a cup holder of the car's console. Based on these observations, Mamolen had defendant perform field sobriety tests. Defendant failed each test. Mamolen then transported defendant to Mount Nittany Medical Center for a blood sample. This blood sample revealed defendant had a blood alcohol content of .224 percent.

## DISCUSSION

"Whenever a flashing red or yellow signal is used in a traffic signal or with a traffic sign it shall require obedience by vehicular traffic as follows:

"(1) Flashing red—when a red lens is illuminated with rapid intermittent flashes, drivers of vehicles shall stop in the same manner as at a stop sign, and the right to proceed shall be subject to the rules applicable after making a stop at a stop sign as provided in section 3323 (relating to stop signs and yield signs)." 75 Pa.C.S. §3114(a)(1).

Pursuant to section 3323, "every driver of a vehicle approaching a stop sign shall stop at a clearly marked stop line or, if no stop line is present, before entering a crosswalk on the near side of the intersection or, if no crosswalk is present, then at the point nearest the intersecting roadway where the driver has a clear view of

approaching traffic on the intersecting roadway before entering." 75 Pa.C.S. §3323(b).

A police officer is vested with the authority to effectuate a vehicular stop on the basis of "articulable and reasonable grounds to suspect a violation" of the Motor Vehicle Code. 75 Pa.C.S. §6308(b). Likewise, "There is no requirement that an actual violation be established, only that there be a reasonable basis for the officer's action in stopping the vehicle." *Commonwealth v. Vincett,* 806 A.2d 31, 33 (Pa. Super. 2002), citing *Commonwealth v. Palmer,* 751 A.2d 223, 226 (Pa. Super. 2000).

The defense cites *Commonwealth v. Gleason,* 567 Pa. 111, 785 A.2d 983 (2001), suggesting that Mamolen did not have sufficient probable cause to effectuate a vehicular stop. In *Gleason,* the officer effectuated a vehicular stop based on the defendant's violation of section 3309 of the Motor Vehicle Code—driving on roadways laned for traffic. The court, however, ruled that the police officer did not have sufficient probable cause to justify the stop. The court reasoned that by crossing a painted berm line by 6 to 8 inches for at least a second on two occasions when there were no other vehicles on the road did not indicate the driver posed a threat to other vehicles. *Id.* at 121, 785 A.2d at 989. Here, defendant argues that there were no other vehicles or pedestrians on the road, who he could potentially harm. Also, defendant contends his stop was a "rolling stop," not a blatant disregard for the stop signal.

Alternatively, the Commonwealth argues that pursuant to 75 Pa.C.S. §6308, a police officer need only have a reasonable suspicion that criminal activity is afoot in order to stop a vehicle. The Commonwealth believes that

by enacting section 6308, the Pennsylvania Legislature intended to lower the probable cause standard utilized by the *Gleason* court to a reasonable suspicion standard. Here, the Commonwealth argues, defendant's failure to stop at the flashing red light is a violation of section 3114(a)(1), which is sufficient reasonable suspicion to suspect defendant violated a portion of the Motor Vehicle Code.

This court believes that, although the legislature may have enacted section 6308 to lower the standard for stopping a vehicle, *Gleason's* probable cause standard has yet to be overruled by the courts and will therefore be applied to the facts in this case. Therefore, having reviewed the evidence and the relevant law, this court believes Mamolen did have sufficient probable cause to effectuate the vehicular stop. The facts in *Gleason* are narrowly drawn, and are inconsistent with the facts in the current case. Mamolen saw defendant drive through a flashing red light in an urban area, at 15 miles per hour without coming to a complete stop. *Gleason* addresses erratic driving, crossing over the center line, and possible harm to other motorists. Here, defendant clearly committed a per se violation of the Motor Vehicle Code by failing to completely stop at the red light. As such, it is irrelevant whether or not there were other vehicles on the road or pedestrians walking during the time of the violation.

## ORDER

And now, July 6, 2005, Matthew B. Glasser's omnibus pretrial motion to suppress evidence is hereby denied.