J-A29034-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ARTHUR HILLIKER, | : | |
| | : | |
| Appellant | : | No. 339 WDA 2014 |

Appeal from the Judgment of Sentence Entered January 31, 2014,
in the Court of Common Pleas of Westmoreland County,
Criminal Division at No(s): CP-65-CR-0001290-2012

BEFORE: FORD ELLIOTT, P.J.E., ALLEN and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:          **FILED DECEMBER 9, 2014**

This is an appeal from a judgment of sentence entered after the trial court convicted Appellant of driving under the influence (DUI) of alcohol or controlled substance - general impairment (2nd offense) and DUI - high rate of alcohol (2nd offense).[1] We affirm.

On February 7, 2012, Appellant was arrested and charged with obedience to traffic control devices, 75 Pa.C.S. § 3111(a),[2] as well as the

---

[1] 75 Pa.C.S. §§ 3802(a) and 3802(b), respectively.

[2] Subsection 3111(a) provides,

> Unless otherwise directed by a uniformed police officer or any appropriately attired person authorized to direct, control or regulate traffic, the driver of any vehicle shall obey the instructions of any applicable official traffic-control device placed or held in accordance with the provisions of this title, subject to the privileges granted the driver of an emergency vehicle in this title.

---

* Retired Senior Judge assigned to the Superior Court.

aforementioned DUI offenses. Appellant filed a motion to suppress. After holding a hearing on the motion, the trial court denied it.

At Appellant's non-jury trial, he and the Commonwealth agreed to a stipulation of facts. The stipulation of facts established that, after Patrolman Mark Hamilton pulled over Appellant's vehicle on February 7, 2012, Appellant failed a series of field sobriety tests. The stipulation of facts further established that Appellant subsequently had his blood drawn and that his blood alcohol content was .155%. The Commonwealth dismissed the obedience-to-traffic-control-devices charge, and the trial court found Appellant guilty of the DUI offenses.

After he was sentenced, Appellant timely filed a notice of appeal. The trial court directed Appellant to comply with Pa.R.A.P. 1925(b), and Appellant then filed a Pa.R.A.P. 1925(b) statement. In his brief to this Court, Appellant asks us to consider one question, namely, "Whether the stop, search and seizure of Appellant and his vehicle based upon the officer's incorrect and mistaken belief that the road on which [Appellant] was traveling was one way violates the Fourth Amendment to the United States['] Constitution and/or Article I, § 8 of the Pennsylvania Constitution?" Appellant's Brief at 3 (unnecessary capitalization omitted).

---

75 Pa.C.S. § 3111(a). The Legislature has defined "official traffic-control devices" as "[s]igns, signals, markings and devices not inconsistent with this title placed or erected by authority of a public body or official having jurisdiction, for the purpose of regulating, warning or guiding traffic." 75 Pa.C.S. § 102.

In a case such as this where the trial court denied a suppression motion, [an appellate court's] standard of review is well-established.

> We may consider only the Commonwealth's evidence and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the record supports the factual findings of the trial court, we are bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error. An appellate court, of course, is not bound by the suppression court's conclusions of law.

*Commonwealth v. Gary*, 91 A.3d 102, 106 (Pa. 2014) (citation omitted).

The trial court's opinion, which we quote *verbatim*, summarizes the testimony received at the suppression hearing as follows.

> At approximately 9:22 p.m. on February 7, 2012, Officer Mark Hamilton with the North Huntingdon Township Police Department testified that he observed a Ford Windstar traveling eastbound on the right travel lane on Route 30 where the vehicle braked suddenly, made a wide turn and turned down onto an one-lane Route 30 eastbound on-ramp from Norwin Towne Square. He indicated that at the Norwin Towne Square there is an entrance and exit ramp to this Square with a "Do Not Enter" sign facing westbound traffic.
>
> Officer Hamilton further testified that after making the turn onto the on-ramp versus the off-ramp, the vehicle proceeded to the Norwin Towne [S]quare McDonald's drive-thru lane. The Officer pulled up next to the [Appellant and] advised him to pull over upon receipt of his food. He testified that he initiated the stop due to the belief that the [Appellant] came down the wrong way on a one-way road in violation of Obedience to Traffic Control Devices, in violation of 75 Pa.C.S.[] § 3111(a).
>
> Officer Hamilton indicated that [Appellant] did not commit any other Motor Vehicle violations besides failing to obey the "Do Not Enter" sign by coming down the on-ramp. He further indicated that he believed the property in the Norwin Towne Square to be a privately owned parcel; however, [he] was unaware if the roadways had been adopted or accepted by the

- 3 -

Township of North Huntingdon. He testified that he had no idea whether the township or the Towne Square placed the "Do Not Enter" sign.

Mr. Ryan Fonzi, the Associate Planning Director of the Planning and Zoning Department, testified that the two ramps were not maintained by the township, nor were they accepted by ordinance. He further indicated that he did not know who placed the sign, but assumed the sign belonged to PennDOT. Mr. Fonzi further stated that he did not know if the Commonwealth of Pennsylvania, PennDOT, had designated these two roads as ingresses and egresses.

Trial Court Opinion, 4/14/2014, at 2-3 (citations omitted). Based upon this evidence, the trial court denied Appellant's motion to suppress, concluding that "Officer Hamilton established through his testimony that he had reasonable suspicion that section 3111(a) of the Motor Vehicle Code was being violated." *Id.* at 6.

We begin by agreeing with the parties that the trial court erroneously applied the reasonable suspicion standard in denying Appellant's motion to suppress. As this Court has explained,

[a] police officer has the authority to stop a vehicle when he or she has **reasonable suspicion** that a violation of the vehicle code has taken place, for the purpose of obtaining necessary information to enforce the provisions of the code. However, if the violation is such that it requires no additional investigation, the officer must have **probable cause** to initiate the stop.

Put another way, if the officer has a legitimate expectation of investigatory results, the existence of reasonable suspicion will allow the stop—if the officer has no such expectations of learning additional relevant information concerning the suspected criminal activity, the stop cannot be constitutionally permitted on the basis of mere suspicion.

- 4 -

*Commonwealth v. Brown*, 64 A.3d 1101, 1105 (Pa. Super. 2013) (citations omitted; emphasis in original).

Officer Hamilton testified that he stopped Appellant's vehicle because he observed Appellant enter the Norwin Towne Square by driving down the exit ramp, which was marked by a "Do Not Enter" sign. Because further investigation would not have helped establish whether Appellant failed to obey the "Do Not Enter" sign, Officer Hamilton was required to have probable cause to initiate a stop due to his belief that Appellant violated subsection 3111(a). We, however, observe that we still may affirm the judgment of sentence despite the trial court's erroneous application of the reasonable suspicion standard, as long as the record supports the result reached by the court. *Brown*, 64 A.3d 1105 n.3.

Appellant argues that Officer Hamilton lacked probable cause to stop his vehicle. According to Appellant, because he was traveling eastbound on Route 30 and the "Do Not Enter" sign was facing vehicles traveling westbound on Route 30, he could not have violated subsection 3111(a). Appellant insists that he legally turned into the Norwin Towne Square Shopping Center and that Officer Hamilton illegally stopped him. He further maintains that the illegality of the stop is not excused by any "good faith" belief or mistake of Officer Hamilton, as this Commonwealth does not recognize any such "good faith" exception in the context of a probable cause analysis.

In reviewing the trial court's determination, we observe the following well-settled principles of law.

> The police have probable cause where the facts and circumstances within the officer's knowledge are sufficient to warrant a person of reasonable caution in the belief that an offense has been or is being committed. We evaluate probable cause by considering all relevant facts under a totality of circumstances analysis.

***Commonwealth v. Hernandez***, 935 A.2d 1275, 1284 (Pa. 2007) (quotation and citations omitted).

In short, Officer Hamilton's testimony reveals that he knew that the ramp Appellant utilized to access the shopping center was an exit ramp for the center. He also was aware that the ramp was posted with a "Do Not Enter" sign facing westbound traffic. When we consider the totality of the circumstances, we conclude that Officer Hamilton's knowledge was sufficient to warrant a person of reasonable caution in the belief that Appellant violated 75 Pa.C.S. § 3111(a) by disobeying the "Do Not Enter" sign.

Appellant's claim that he did not have to obey the "Do Not Enter" sign because it was facing westbound may have provided him with a defense to the charge that he violated 75 Pa.C.S. § 3111(a). However, such a claim does not undermine the conclusion that Officer Hamilton had probable cause to stop Appellant. ***See Commonwealth v. Vincett***, 806 A.2d 31 (Pa. Super. 2002) (disagreeing with the suppression court's conclusion that a police officer lacked probable cause to stop Vincett for driving the wrong way down a one-way street and holding that the court should have denied

Vincett's suppression motion because, although there may have been inadequate posting of traffic signs to convict Vincett of driving the wrong way on a one-way street, the officer knew the street was one-way and, therefore, reasonably believed Vincett was violating the Motor Vehicle Code).

We discern no error in the trial court's decision to deny Appellant's motion to suppress. Accordingly, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/9/2014