J-S69033-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| STEWART FREDERICKS, | |
| Appellant | No. 493 EDA 2014 |

Appeal from the Judgment of Sentence entered January 28, 2014
In the Court of Common Pleas of Lehigh County
Criminal Division at No: CP-39-SA-0000252-2013

BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E., and STABILE, J.

MEMORANDUM BY STABILE, J.:                    **FILED JANUARY 16, 2015**

In this appeal, Stewart Fredericks contends the trial court erred in refusing to suppress evidence leading to his traffic stop and subsequent citation for traffic offenses.  We disagree and therefore affirm the judgment of sentence, albeit for different reasons than the trial court.

On the afternoon of July 12, 2013, Trooper Daniel Zaykowski was operating a radar gun on the Pennsylvania Turnpike's Northeast Extension, in a section of highway with a 65 mph speed limit.  Trooper Zaykowski stopped Appellant's vehicle, a black Nissan Altima, after timing it at 82 mph.  During the traffic stop, Trooper Zaykowski discovered Appellant's driver's license is suspended until sometime in the next decade.[1]  As a result,

_____

[1] Appellant's driver's history is deplorable.  Since **September 20, 1995**, Appellant's license has been on uninterrupted suspension for his repeated
*(Footnote Continued Next Page)*

Appellant's car needed to be towed (he had no passengers), and Appellant would have to pay the towing costs. Trooper Zaykowski decided to give Appellant "a break" by not citing him for speeding. Instead, he cited Appellant for violating the rules and regulations of the Pennsylvania Turnpike Commission, a lesser fine, and driving while operating privileges are suspended or revoked for a prior DUI conviction (DUS/DUI).[2]

A magisterial district judge convicted Appellant of the above offenses. Appellant timely appealed to the Court of Common Pleas of Lehigh County for trial *de novo*, where he orally moved to suppress evidence of the traffic stop. Because Trooper Zaykowski did not cite Appellant for speeding, he did not have a certificate of accuracy for the radar gun or proof that it was a speed-timing device approved by the Department of Transportation. Both items are required to convict a driver of speeding.[3] Trooper Zaykowski

*(Footnote Continued)* ———————————

convictions for traffic offenses small and large. At the time of trial, Appellant had been convicted of such offenses as running stoplights and stop signs, speeding at more than 100 mph, leaving the scene of an accident, and DUI. Appellant had been in four separate accidents in which one of his passengers was injured. Most notably, Appellant continues to drive despite his apparent inability to operate a motor vehicle safely or legally. As of the date of trial, Appellant had been convicted of driving without a license **25 times**, and his license suspension will not end until **August 4, 2026**.

[2] 75 Pa.C.S.A. §§ 6110, 1543(b)(1).

[3] ***See Commonwealth v. Kittleberger***, 616 A.2d 1, 3 (Pa. Super. 1992); 75 Pa.C.S.A. 3368(d) (requiring, among other things, radar devices to be approved by the Department of Transportation and calibrated annually for accuracy).

testified that he did not write any speeding tickets that day and he forgot which radar unit he used. N.T. Summary Appeal Trial, 1/28/14, at 10. Appellant argued the Commonwealth could not show Trooper Zaykowski had probable cause to stop Appellant. The trial court denied the motion. Appellant did not otherwise dispute the evidence against him, and the trial court found him guilty of both counts. It imposed a $25.00 fine for violating the Turnpike regulations and a mandatory $500.00 fine and 90 days in jail for DUS/DUI.

This appeal followed. In a Pa.R.A.P. 1925(a) opinion, the trial court explained its reasoning for denying Appellant's suppression motion:

> In the interest of justice, this [c]ourt found that a dismissal of the charges would have produced an inequitable result, as the Trooper provided a significant benefit to [Appellant] in not citing him for speeding.

Trial Court Rule 1925(a) Opinion, 2/28/14, at 3.

On appeal, Appellant cites **Commonwealth v. Whitmyer**, 668 A.2d 1113, 1115 (Pa. 1995), *superseded on other grounds by statute*, Act of Sept. 30, 2003, P.L. 120, No. 24 § 17 (amending 75 Pa.C.S.A. § 6302(b)), and contends Trooper Zaykowski lacked probable cause to stop him for speeding. Appellant raises only legal error.

> Where, as here, the appeal of the determination of the suppression court turns on allegations of legal error, the suppression court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the courts below are subject to our plenary review.

***Commonwealth v. Farnan***, 55 A.3d 113, 115 (Pa. Super. 2012) (quoting ***Commonwealth v. McAdoo***, 46 A.3d 781, 783-84 (Pa. Super. 2012)).[4]

Under Pennsylvania law, a police officer needs probable cause to stop for speeding, because speeding is a Vehicle Code violation requiring no further investigation.  ***Commonwealth v. Feczko***, 10 A.3d 1285, 1290-91 (Pa. Super. 2010) (*en banc*); ***Commonwealth v. Landis***, 89 A.3d 694 (Pa. Super. 2014) (dictum) (noting that speeding does not require further investigation).  Probable cause exists when the facts and circumstances are sufficient in themselves to warrant a person of reasonable caution in the belief that the driver or the vehicle has violated the Vehicle Code.  ***See Commonwealth v. Weaver***, 76 A.3d 562, 565 (Pa. Super. 2013), *aff'd summarily*, --- A.3d ---, 2014 WL 6750608, 2014 Pa. LEXIS 2645 (Pa. Dec. 1, 2014).  Probable cause is determined by the totality of the circumstances.  ***Id.***  "It is the facts and circumstances **within the personal knowledge of the police officer** that frames the determination of the existence of probable cause."  ***Id.*** (quoting ***Commonwealth v. Galendez***, 27 A.3d 1042, 1046 (Pa. Super. 2011) (emphasis in original)).

---

[4] We cannot affirm the denial of suppression based on the trial court's reasoning, *i.e.*, "equities" and "the interests of justice."  Such a standard would seriously undermine the Exclusionary Rule.  Nevertheless, our analysis does not end here, because we may affirm on any grounds supported by the record, even grounds not suggested to or known by the trial court. ***Commonwealth v. Gatlos***, 76 A.3d 44, 62 n.14 (Pa. Super. 2013).

Applying the above standard, we hold Trooper Zaykowski had probable cause to stop Appellant for speeding, even though the Commonwealth could not produce at trial documentation showing that the radar gun used was an approved, properly calibrated speed-testing device. Trooper Zaykowski did not need to have sufficient evidence to **convict** Appellant of speeding when he stopped him. Rather, he needed only probable cause. He met that standard here. His radar gun timed Appellant's speed at 82 mph in a 65 mph zone—almost 20 mph over the speed limit. True, the Commonwealth lacked documentation showing the radar gun's accuracy, because Trooper Zaykowski did not record which unit he used. Such documentation, however, is not necessary to establish probable cause.

**Whitmyer** is distinguishable. There, our Supreme Court held that an officer's estimation as to speed was insufficient probable cause to stop for driving at an unsafe speed. **Whitmyer**, 668 A.2d at 1117-18. The trooper in **Whitmyer** could only estimate the driver's speed, because he could not time it using his vehicle's calibrated speedometer for the requisite .3 miles. **Id.** Here, however, Trooper Zaykowski had a reading from a radar gun. Therefore, unlike **Whitmyer**, Trooper Zaykowski possessed more indicia of speeding than a mere estimate of speed at the time of the stop. The Commonwealth's ability to prove speeding at trial was irrelevant to the probable cause determination.

Importantly, the **actual** accuracy of the radar gun is the wrong inquiry in determining probable cause. Rather, the proper inquiry is whether

Trooper Zaykowski reasonably believed it was accurate. "[The] suppression inquiry is analyzed from the perspective of the officer," and "[**t]here is no requirement that an actual [Vehicle Code] violation be established**, only that there be a reasonable basis for the officer's action in stopping the vehicle." ***Commonwealth v. Vincett***, 806 A.2d 31, 33 (Pa. Super. 2002) (emphasis added) (holding that potential defenses to traffic violations do not affect the validity of the stop). The required documentation and the radar gun's accuracy are matters for trial—not suppression.

In sum, Appellant's traffic stop was valid. The trial court did not err in denying Appellant's motion to suppress. Therefore, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/16/2015