J-A03003-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| TRAVELLE JOHNSON | |
| Appellee | No. 907 MDA 2016 |

Appeal from the Order Entered May 6, 2016
In the Court of Common Pleas of York County
Criminal Division at No: CP-67-CR-0000454-2016

BEFORE: LAZARUS, STABILE, and DUBOW, JJ.

DISSENTING MEMORANDUM BY STABILE, J.: **FILED AUGUST 02, 2017**

While I agree with the Majority that the Appellee did not waive his claim challenging the legality of the traffic stop, I respectfully dissent because the Majority incorrectly concludes that Trooper Kaczor did not have probable cause to stop Appellee's vehicle for exceeding the posted speed limit.[1] As the trooper possessed probable cause to stop Appellee's vehicle for exceeding the posted speed limit, I further would conclude it was unnecessary to address whether the trooper also possessed probable cause to stop Appellee's vehicle for a traffic violation related to driving on roadways laned for traffic.[2]

---

[1] 75 Pa.C.S.A. § 3362(a)(2).

[2] 75 Pa.C.S.A. § 3309(1).

After a hearing on Appellee's omnibus motion, the suppression court found that "[Appellee] was clocked by Trooper Kaczor traveling 70 miles per hour in a 55 mile per hour zone." Suppression Court Opinion, 5/6/16, at 5. On cross-examination, Trooper Kaczor testified that he, at that time, did not have a certificate showing his speedometer was calibrated and tested; however, he testified that it was certified on May 13, 2015.[3] N.T. Suppression Hearing, 5/4/16, at 11-12. Trooper Kaczor further testified that he followed Appellee for approximately four miles in a 55 mph zone and clocked him at 70 mph. Suppression Court Opinion, 5/6/16, at 5; N.T. Suppression Hearing, 5/4/16, at 11-12.

The Motor Vehicle Code provides that police officers may use a speedometer to capture the rate of speed of another vehicle in support of a conviction for speeding. 75 Pa.C.S.A. § 3368(a). "In ascertaining the speed of a vehicle by the use of a speedometer, the speed shall be timed for a distance of not less than three-tenths of a mile." *Id.*

> To sustain a conviction for speeding, the Commonwealth must show beyond a reasonable doubt that: (1) an accused was driving in excess of the speed limit; (2) the speed timing device was approved by the Department of Transportation; and (3) the device was calibrated and tested for accuracy within the prescribed time period by a station which has been approved by the department.

---

[3] The traffic stop occurred some 6 months later on November 5, 2015.

*Commonwealth v. Kaufman*, 849 A.2d 1258, 1259 (Pa. Super. 2004) (citations omitted).  However, while proof of calibration and device accuracy is necessary to secure a *conviction*, an officer need only establish probable cause to stop a vehicle for speeding.  *See Commonwealth v. Feczko*, 10 A.3d 1285, 1290-91 (Pa. Super. 2010) (*en banc*); *Commonwealth v. Landis*, 89 A.3d 694, 702 (Pa. Super. 2014).

Probable cause exists "when the facts and circumstances within the police officer's knowledge and of which the officer has reasonable trustworthy information are sufficient to warrant a person of reasonable caution in the belief that an offense has been committed based upon a totality of the circumstances."  *Commonwealth v. Salter*, 121 A.3d 987 (Pa. Super. 2015) (citing *Commonwealth v. Weaver*, 76 A.3d 562, 565 (Pa. Super. 2013), *aff'd per curiam*, 105 A.3d 656 (Pa. 2014) (additional citation omitted).  "Criterion of admissibility into evidence, to prove an accused's guilt, should not be applied to the facts relied upon to show probable cause."  *Weaver*, 76 A.3d at 567 (citing *Brineger v. United States*, 338 U.S. 160, 172 (1949)).  If proof beyond a reasonable doubt necessary for conviction

> were to be made applicable in determining probable cause . . . for search and seizure, more especially in cases such as this involving moving vehicles used in the commission of crime, few indeed would be the situations in which an officer, charged with protecting the public interest by enforcing the law, could ever take effective action toward that end.

*Weaver*, 76 A.3d at 568 (quoting *Brinegar*, 338 U.S. at 174). "Thus, it is clear that the rules of evidence governing a trial are inapplicable to a determination of probable cause." *Id.* (citations omitted).

Probable cause was established here when Trooper Kaczor, using the speedometer in his vehicle, timed Appellee going 70 mph in a 55 mph zone over a period of 4 miles. The failure to provide proof of timely calibration at the suppression hearing was irrelevant to the determination of probable cause. *See Commonwealth v. Vincett*, 806 A.2d 31, 33 (Pa. Super. 2002) ("the fact that [a defendant] may have a colorable defense to the underlying traffic violation in no manner affects the validity of the stop."). The actual accuracy of the police unit's speedometer was the wrong inquiry in determining probable cause. The proper inquiry should have been whether the trooper reasonably believed his speedometer was accurate to justify the traffic stop of the Appellee's vehicle. The "suppression inquiry is analyzed from the perspective of the officer and not from the perspective of the defendant." *Id.* (citing *Commonwealth v. Palmer*, 751 A.2d 223 (Pa. Super. 2000)). Trooper Kaczor's observation that the Appellee was traveling 70 mph in a 55 mph zone for a distance of approximately 4 miles was uncontradicted at the suppression hearing and so found by the suppression court. This clearly was enough to establish the requisite probable cause for the traffic stop in this case. There is no requirement that an actual Vehicle Code violation be established. *Id.*

The Majority improperly conflates probable cause with the proof necessary for conviction in concluding that Trooper Kaczor did not possess the requisite probable cause to stop the Appellee's vehicle. Accordingly, I would reverse the trial court and conclude that the suppression court erred in granting Appellee's motion to suppress.